Opinion filed September 27, 2007












 
 
  
 
 







 
 
  
 
 




Opinion filed September
27, 2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-05-00360-CV

                                                    __________

 

                                         IN THE MATTER OF S.G.

 



 

                                          On
Appeal from the 98th District Court

 

                                                          Travis County, Texas

 

                                                 Trial
Court Cause No. J-22,465

 



 

                                                                   O
P I N I O N

 

This
is an appeal from an order modifying S.G.=s
juvenile probation and committing her to the Texas Youth Commission (TYC).  The
issue involves the effective date of a modification order that was recommended
and signed by the referee and later approved by the juvenile court judge.  We
affirm.  

                                                               Background
Facts








In
October 2004, the juvenile court found that S.G. had engaged in delinquent
conduct.  The court entered a judgment of delinquency and ordered that S.G. be
placed on probation at Settlement Home in Austin.  However, S.G. was
unsuccessfully discharged from Settlement Home. Consequently, the court
modified the terms of S.G.=s
probation and placed her in the Rockdale Juvenile Facility.  Pursuant to the
court=s order, S.G.
was to remain at Rockdale until successfully discharged, and the period of
probation was to expire AJune
31, [sic] 2005.@  On
June 9, 2005, S.G. successfully completed the treatment program at Rockdale and
was discharged.  On that same date, an agreed motion and order modifying the
terms of S.G.=s
probation B to the
custody of her grandmother until June 30, 2005 B
was signed by S.G., her attorney, the assistant district attorney, and an
associate judge/referee.  The juvenile court judge signed the agreed motion and
order on June 24, 2005.  The terms and conditions of probation that were
attached to the agreed motion and order required S.G. to be in her grandmother=s residence between the
hours of 8:00 p.m. and 6:00 a.m. This curfew requirement was new; the previous
order placing S.G. at Rockdale did not contain such a provision.  The State
filed a motion to modify on June 28, 2005, alleging that S.G. had violated the
terms of her probation by breaking curfew on June 21, 2005.  This allegation
was found to be true, and the terms of S.G.=s
probation were again modified B
this time committing her to TYC.  It is from this final modification order that
S.G. appeals.  

S.G.
contends in her sole issue that the court erred in finding that she violated
the terms of her probation because there was no valid court order in effect at
the time of her June 21 violation.  S.G. asserts that the order was not
enforceable until June 24 when it was signed by the juvenile court judge. 
While we agree with S.G. that associate judges, referees, and masters are not
vested with the authority to act as judges, In re D.G., No.
05-01-00208-CV, 2002 WL 338875 (Tex. App.CDallas
Mar. 5, 2002, pet. denied) (mem. op., not designated for publication), we
cannot conclude that the order did not take effect until it was signed by the
juvenile court judge.[1]  








The
Texas Family Code provides that a county juvenile board may appoint a referee
to make detention determinations and conduct hearings under the Juvenile
Justice Code.  Tex. Fam. Code Ann. ' 51.04(g) (Vernon 2002). 
When a referee conducts a hearing[2] on a petition
to modify the disposition in a juvenile case, the referee must, at the
conclusion of the hearing, transmit written findings and recommendations to the
juvenile court judge, who Ashall
adopt, modify, or reject the referee=s
recommendations not later than the next working day after the day that the
judge receives the recommendations.  Failure to act within that time results in
release of the child by operation of law.@[3] 
Tex. Fam. Code Ann. ' 54.10(d) (Vernon Supp.
2006); see also Tex. Fam. Code
Ann. ' 54.05
(Vernon Supp. 2006).  Section 54.10(d) also provides that a referee=s Arecommendation that the child be released
operates to secure the child=s
immediate release subject to the power of the juvenile court judge to modify or
reject that recommendation.@ 
In this case, the agreed order operated to release S.G. into the custody of her
grandmother.  Therefore, we are of the opinion that it took effect immediately
upon being signed by the referee.  

Even
if the agreed order did not operate as a Arelease,@ various provisions in the
Family Code provide that orders of referees are enforceable when made.  In
addition to providing that a referee=s
recommendation of release Aoperates
to secure the child=s
immediate release subject to the power of the juvenile court judge to modify or
reject that recommendation,@
Section 54.10(d) also provides that other recommendations made by a referee
remain in effect unless altered by the juvenile court judge or by operation of
law.  Similar to Section 54.10(d),  Tex.
Fam. Code Ann. '
54.01(l) (Vernon Supp. 2006) provides for a referee=s order at a detention
hearing to take immediate effect and states that the Aeffect of an order detaining a child shall be
computed from the time of the hearing before the referee.@  If the agreed order had
not taken effect at the time it was signed by the referee, S.G. would still
have been subject to the disposition order previously entered by the juvenile
court judge, which placed responsibility for S.G.=s
care and placement with the Travis Juvenile Probation Department instead of the
release of S.G. to her grandmother. 

We
hold that the order took effect when the referee signed it because the orders
of referees are effective immediately if they recommend that the juvenile be
released and because, even though they may not be final judgments, the orders
of referees are otherwise enforceable until the juvenile court judge adopts,
modifies, or rejects them or until they are altered by operation of law.  Since
the order was in effect at the time that S.G. violated its terms, the trial
court did not err in revoking S.G.=s
probation and committing her to TYC.  S.G.=s
sole issue on appeal is overruled.  








The
order of the trial court is affirmed.  

 

 

JIM R. WRIGHT

CHIEF JUSTICE

 

September 27,
2007

Panel consists of: Wright, C.J.,

McCall, J., and Strange, J.









[1]We note that, in a suit affecting the parent-child relationship,
an order signed only by an associate judge constitutes a final order of the
referring court if the order is an agreed order, a default order, or a
temporary order.  Tex. Fam. Code Ann. '' 201.007(a)(14), (c); 201.016(c) (Vernon Supp. 2006). 
The Family Code, however, contains no such provision for an agreed order signed
by a referee in a juvenile case. 





[2]We note that it does not appear that a hearing was
conducted with respect to the agreed order.  The court=s docket sheet shows that the agreed order was Asubmitted@ to
the court.  





[3]In this case, neither party contends that any failure
to timely act occurred or that any such failure should have resulted in the
release of S.G. from the terms and conditions of her probation, and there is
nothing in the record indicating when the juvenile court judge received the
agreed order